UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL TEACHOUT and
KATHY TEACHOUT,

        Plaintiffs,

v.

RYDER TRUCK RENTAL INC.,

        Defendant.

Case No. 23-CV-2352-HLT-TJJ

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 64). Plaintiffs request leave to amend their complaint to add a claim for punitive and/or exemplary damages based upon Defendant's alleged admission of fraudulent conduct at its corporate representative's deposition. Plaintiffs also request an extension of the deadline to conduct discovery limited to the factors considered in awarding punitive and exemplary damages. Defendant opposes the motion, arguing Plaintiffs have not met the requirements of K.S.A. 60-3703 for filing an amended pleading that includes a claim for punitive damages. As explained below, the Court denies Plaintiffs' motion.

**I.**    **Factual and Procedural Background**

    Plaintiff Michael Teachout and his spouse filed their complaint on August 9, 2023 against multiple Ryder corporate entities. Plaintiffs allege Mr. Teachout suffered injuries while shutting the rear door of a Ryder trailer when the cloth/leather handle broke or detached from the door, causing him to lose his balance and fall. Plaintiffs further allege Mr. Teachout's employer had a

contractual agreement with Defendant[1] to provide maintenance, inspections, and repairs to the trailer. And they allege Mr. Teachout's injuries are a direct result of the Defendant's negligent and wrongful conduct in its failure to inspect, identify, repair and/or warn of the dangerous condition of the trailer. Defendant denies that it failed to properly inspect the trailer pursuant to the terms of its agreement with Mr. Teachout's employer, denies it was negligent, and denies its conduct was the proximate cause of Mr. Teachout's injuries.

The Scheduling Order (ECF No. 24) entered in the case set a July 31, 2024 discovery deadline and an April 26, 2024 deadline for filing any motion for leave to amend the pleadings or join additional parties. On the deadline for motions to amend, Plaintiffs filed a motion for leave to file their second amended complaint to name a single defendant. Upon being advised Defendant had no objection and noting that the deadline for amending the pleadings had not yet expired, the Court granted the motion and Plaintiffs filed their Second Amended Complaint (ECF No. 38) on May 2, 2024. In support of the negligence claim, Plaintiffs alleged Defendant, by the actions and omissions that caused the damages, "is guilty of malice, oppression and a flagrant disregard for human life,"[2] but did not specifically state a claim for punitive damages as required by Fed. R. Civ. P. 9(g).

On June 28, 2024, Defendant filed a motion to continue the scheduling order deadlines, which Plaintiffs opposed.[3] The Court held a telephone conference on the motion on July 10, 2024. After hearing from the parties, the Court found Defendant had shown good cause for some

---

[1] Plaintiffs later filed their Second Amended Complaint naming Ryder Truck Rental, Inc. as the sole Defendant.

[2] Second Am. Compl. (ECF No. 38) ¶ 78.

[3] Plaintiffs opposed the motion arguing Defendant failed to show good cause as required by Rule 16(b)(4). Pls.' Resp. to Def.'s Mot. to Continue (ECF No. 47) ¶¶ 15–16.

extension of the deadlines, extended the discovery deadline to September 13, 2024, continued the pretrial conference to October 9, 2024, and extended the other unexpired case deadlines accordingly. The already expired deadline for filing a motion to amend the pleadings was not raised by the parties, discussed or extended. On August 29, 2024, upon the joint request of the parties, the Court entered an order allowing the deposition of Defendant's corporate representative to be taken after the September 13, 2024 discovery deadline, which remained in place, but requiring the deposition be completed no later than September 25, 2024.[4] This deadline for completing the deposition was later extended upon the joint request of the parties to October 10, 2024, and the pretrial order deadline and pretrial conference were continued to October 16 and October 23, 2024, respectively.[5]

Plaintiffs deposed Defendant's corporate representative, Kevin Day, on October 10, 2024. Mr. Day testified regarding the purpose of Defendant's trailer inspections. He also testified regarding Defendant's July 7, 2021 inspection of and knowledge about the specific trailer at issue in this case.

On October 16, 2024, the parties submitted their proposed pretrial order. In the section for amendments to the pleadings, Plaintiffs for the first time proposed amending the complaint to add a request for punitive damages based upon the October 10, 2024 deposition testimony of Defendant's corporate representative. Plaintiffs stated they would file a motion for leave to amend the complaint once they received the deposition transcript. The Court then cancelled the October 23, 2024 pretrial conference and set a November 1, 2024 deadline for Plaintiffs to file their motion

---

[4] Order (ECF No. 58).

[5] Order (ECF No. 60).

for leave to amend the complaint. On November 1, 2024, Plaintiffs filed their motion for leave to file their proposed Third Amended Complaint to plead punitive and/or exemplary damages pursuant to K.S.A. 60-3701.

## II. Applicable Legal Standards

Defendant argues Plaintiffs' proposed amendment that adds a request for punitive and/or exemplary damages must comply with K.S.A. 60-3703, which requires Plaintiffs to show a probability they will prevail on the claim. Plaintiffs disagree, arguing Defendant's position on futility is contrary to the law in this district in that they are not required to meet the probability burden to plead punitive damages.

In diversity cases, the *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law.[6] Courts in the District of Kansas have consistently held that K.S.A. 60-3703 is procedural in nature and does not control pleadings in federal courts.[7] The Court will therefore analyze Plaintiffs' motion under the Federal Rules of Civil Procedure and the applicable federal procedural law regarding the amendment of pleadings.

---

[6] *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017).

[7] *See Garver v. Principal Life Ins. Co.,* No. 19-2354-JWB-KGG, 2020 WL 6273474, at *6 (D. Kan. Oct. 26, 2020) (finding K.S.A. 60-3703 a state procedural provision inapplicable in federal court); *Centrinex, LLC v. Darkstar Grp., LTC*, No. 12-2300-SAC, 2015 WL 4642591, at *4 (D. Kan. June 30, 2015), R. & R. adopted, 2015 WL 4642026 (D. Kan. Aug. 4, 2015) ("It is well established in this district that K.S.A. 60–3703 is purely procedural and does not apply in federal court."); *Stein v. Stein*, No. 04-1311-JTM, 2005 WL 8160858, at *1 (D. Kan. Feb. 9, 2005) ("[C]ourts in the District of Kansas have consistently held that [K.S.A. 60-3703] is procedural in nature and does not control pleadings in federal courts."); *Little v. Reed-Prentice Div. of Package Mach. Co.,* 131 F.R.D. 591, 593 (D. Kan. 1990) (concluding it was not bound to follow K.S.A. 60-3703 in ruling on a motion for leave to file amended complaint adding a claim for punitive damages); *Jones v. Martin, Pringle, Oliver, Wallace & Swartz*, No. 88-cv-2395-O, 1989 WL 84484, at *2 (D. Kan. July 25, 1989) (concluding K.S.A. 60–3703 is essentially a state pleading procedure and the special requirements for pleading certain matters are governed by the federal rules and not by the practice of the state courts).

**III.     Fed. R. Civ. P. 16(b)(4)**

The scheduling order deadline for filing motions for leave to amend the pleadings expired on April 26, 2024 and was never extended. Plaintiffs first sought to amend their complaint to add a punitive damages claim on October 16, 2024, approximately six months after the amendment deadline passed. The Court therefore required Plaintiffs to file a motion for leave to amend their complaint and set a deadline of November 1, 2024.

Although not discussed by Defendant or Plaintiffs, Fed. R. Civ. P. 16(b)(4) is implicated when a motion to amend the pleadings is filed after the scheduling order deadline.[8] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The court applies a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint filed after the scheduling order deadline.[9] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[10] Only after determining good cause has been established will the court proceed to determine if the movant has satisfied the more lenient Rule 15(a) standard.[11]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline

---

[8] *See Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, No. 19-2620-JAR-ADM, 2020 WL 3892959, at *2–*3 (D. Kan. July 10, 2020) (denying a motion to amend *sua sponte* finding the moving party failed to show good cause under Rule 16(b)(4) to modify the scheduling order to accommodate its untimely motion).

[9] *See Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.").

[10] *Id.*

[11] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

could not have been met even if it had acted with due diligence.[12] The party requesting untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[13] One way Rule 16's good cause requirement may be satisfied is if a plaintiff "learns new information through discovery or if the underlying law has changed," however, if the plaintiff knew of the underlying conduct but simply failed to raise the claims, the claims are barred.[14] A lack of prejudice to the nonmovant does not constitute "good cause."[15] If the Court finds Rule 16(b)(4) is satisfied, the Court then analyzes the request for amendment under Rule 15(a).

Plaintiffs acknowledge their deadline to file a motion to amend the pleadings was April 26, 2024, but state the instant request for leave to amend their complaint is based upon Defendant's "admission of fraudulent conduct" made during the October 10, 2024 deposition of its corporate representative.[16] Plaintiffs argue they only became aware from this deposition testimony that Defendant intentionally did not inspect the trailer to ensure it was safe for Plaintiffs' use and fraudulently certified the trailer was safe. Prior to that deposition, Plaintiffs say they understood all of Defendant's discovery responses to assert that Defendant performed the July 7, 2021

---

[12] *Id.* at *5.

[13] *Martley v. City of Basehor, Kan.*, No. 19-2138-DDC-GEB, 2021 WL 1210013, at *3 (D. Kan. Mar. 31, 2021).

[14] *Gorsuch*, 771 F.3d at 1240.

[15] *Id.*

[16] To any extent Plaintiffs mistakenly assumed the Court's Order (ECF No. 63) extended the April 26, 2024 deadline to file their motion for leave to amend the complaint and thereby waived any requirement for showing good cause under Rule 16(b)(4) for their untimely motion, the Court considers Plaintiffs' argument—that they first learned new information supporting their request for punitive and/or exemplary damages at the October 10, 2024 deposition—as their Rule 16(b)(4) good cause argument and finds it does not meet the good cause standard. *See* discussion *supra* pp. 7–8.

inspection to prevent injury to Plaintiff while operating the trailer door and its certification the trailer door was safe for Plaintiff to operate was based on an inspection to that effect.[17]

The Court finds Plaintiffs have not established the required good cause under Rule 16(b)(4) to enlarge the April 26, 2024 deadline for amendments set by the scheduling order. Plaintiffs' request to amend to add a punitive and/or exemplary damages claim came long after the deadline— six months and not until the proposed pretrial order was submitted. Moreover, Plaintiffs' argument they first became aware of facts supporting their proposed claim for punitive and/or exemplary damages at the deposition of Defendant's corporate representative on October 10, 2024 is not persuasive. That Plaintiffs failed to take that deposition until six months after the amendment deadline, after the discovery deadline, and on the verge of the continued pretrial conference does not excuse their failure to comply with the amendment deadline. Plaintiffs provide no explanation for their belated scheduling of Defendant's corporate representative's deposition. Nor is Plaintiffs' argument persuasive that their current Second Amended Complaint already alleges: "Defendant by its actions and omissions that caused these damages is guilty of fraud, malice, oppression and a flagrant disregard for human life."[18] While this allegation is similar to the statutory language for proving punitive or exemplary damages set forth in K.S.A. 60-3701(c),[19] it is not sufficient under Fed. R. Civ. P. 9(g) for pleading special damages.[20] Further, Plaintiffs cannot convincingly argue

---

[17] Pls.' Mot. (ECF No. 64) at 4–5.

[18] *Id.* at 5 (quoting Second Am. Compl. at ¶ 78).

[19] K.S.A. 60-3701(c) provides: "In any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."

[20] *See Walters v. Dollar Gen. Corp.*, No. 19-1010-EFM, 2019 WL 5787954, at *2 (D. Kan. Nov. 6, 2019) (finding the specific pleading requirements for "special damages" in Fed. R. Civ. P. 9(g) applied

this generic language in their Second Amended Complaint was sufficient to plead a punitive and/or exemplary damages claim, while taking the contradictory position in their instant motion that they first became aware of facts supporting a claim for punitive and/or exemplary damage from the recently taken deposition testimony of Defendant's corporate representative. Plaintiffs failed to exercise due diligence when they chose to wait—without requesting an extension of their deadline for amending the complaint—until after deposing Defendant's corporate representative before requesting leave to add a claim for punitive and/or exemplary damages. Plaintiffs have failed to show a reasonable basis for failing to meet the deadline. Nor have they shown they could not have reasonably met the amendment deadline if they acted with due diligence. The Court therefore denies Plaintiffs' motion for leave to file their Third Amended Complaint as untimely because they have not demonstrated good cause under Rule 16 for the belated request to amend.

Finding Plaintiffs have not established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion, the Court need not proceed to the second stop of the analysis under Rule 15(a).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 64) is denied.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference is rescheduled for **January 16, 2025 at 9:30 a.m. (central time)** before Magistrate Judge Teresa J. James and will be held by telephone conference call. Participants must dial new CONFERENCE NUMBER **913-423-1010** and enter CONFERENCE ID: **454 817 451** to join the conference. The Court will take

---

to a plaintiff's request for punitive damages in a diversity case). *See also* K.S.A. 60-209(f) (referencing claims for "exemplary or punitive damages" in subsection titled "Special damages").

up the parties' previously submitted proposed pretrial order at the Final Pretrial Conference. The Court will reset the deadline for filing dispositive motions and set the trial date at the Final Pretrial Conference.

    IT IS SO ORDERED.

    Dated December 6, 2024, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge
