UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL TEACHOUT and
KATHY TEACHOUT,

        Plaintiffs,

v.

RYDER TRUCK RENTAL INC.,

        Defendant.

Case No. 23-CV-2352-HLT-TJJ

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 70). Plaintiffs request the Court reconsider its December 6, 2024 Memorandum and Order (ECF No. 69) denying their Motion for Leave to File Third Amended Complaint that sought to add a claim for punitive and/or exemplary damages. As explained below, the Court denies Plaintiffs' motion.

    District of Kansas Local Rule 7.3 addresses motions to reconsider a court order. It provides that a "motion to reconsider must be based on: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] It is well settled that a motion to reconsider is not a second opportunity for a party to ask the court to consider new arguments and supporting facts that could have been presented originally.[2] Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[3] "It is not appropriate to revisit issues already

---

[1] D. Kan. Rule 7.3.

[2] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3] *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

addressed or advance arguments that could have been raised in prior briefing."[4] Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[5] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[6]

After careful review of Plaintiffs' motion and briefing, the Court concludes Plaintiffs have not shown any of the bases for granting reconsideration are present. First, Plaintiffs do not argue or show that there has been an intervening change in the controlling law. Nor do Plaintiffs argue or present any new evidence that was unavailable at the time they filed their original motion. Instead, Plaintiffs state they move for reconsideration to prevent a "miscarriage of justice" and to correct a "clear clerical error," which is the third basis for a motion to reconsider a court order.

Plaintiffs argue they have met Rule 16's good cause requirement and they acted with good faith, due diligence and had a reasonable basis for not meeting the amendment deadline, namely that they learned of new information at the October 10, 2024 deposition of Defendant's corporate representative. Although Plaintiffs did not mention Rule 16(a)(4)'s good cause standard in their original motion to amend, the Court considered—and found unpersuasive—in its Memorandum and Order Plaintiffs' argument they first learned information giving rise to their claim for punitive/exemplary damages at Defendant's deposition. Plaintiffs cannot use this motion to reconsider as a second chance when they failed to present an argument or their strongest argument in their original motion.

---

[4] *Id.* (citations omitted).

[5] *RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[6] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiffs also argue there was a "clear clerical error" in the Court's record and therefore reconsideration of the ruling is needed to prevent manifest injustice. Specifically, Plaintiffs contend the Court's text-only Order (ECF No. 58) that extended the discovery deadline for the purpose of deposing the Defendant incorrectly stated it was "jointly" requested by the parties. Plaintiffs state they did not join Defendant in requesting an extension on August 28, 2024, but merely stated they "would only agree to rescheduling the deposition if the court approved the request." Plaintiffs argue the "error in ECF No. 58 was the sole basis for the court's finding that the Plaintiffs failed to act with due diligence and therefore did not satisfy Rule 16's good cause requirement."[7]

Plaintiffs' argument is factually inaccurate. The Court denied Plaintiffs' Motion for Leave to File Third Amended Complaint because they failed to establish good cause under Rule 16(b)(4) for filing their motion months after the April 26, 2024 Scheduling Order deadline for filing motions to amend the pleadings. The Court's extension of the *discovery* deadline, whether "jointly" requested or not, and Plaintiffs taking Defendant's deposition prior to the extended *discovery* deadline, were not material considerations in its decision. Plaintiffs still failed to meet their burden of persuading the Court they learned new information from the October 10, 2024 deposition that would justify their untimely request, months after the motion to amend deadline, to add a claim for punitive/exemplary damages.

The Court finds Plaintiffs have not shown any of the bases set forth in D. Kan. Rule 7.3 for granting reconsideration of the Court's December 6, 2024 Memorandum and Order (ECF No. 69) that denied their Motion for Leave to File Third Amended Complaint.

---

[7] Pls.' Reply, ECF No. 72, at 3.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 70) is denied.

IT IS SO ORDERED.

Dated January 16, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge